Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD T. OLMO,

    *Plaintiff*,

v.

PATERSON POLICE DEPARTMENT,
OFFICER RAFGAEL CAMPOS, K-9 UNIT
TRAINING DEPARTMENT, and K-9
OFFICER,

    *Defendants*.

Civil Action No. 16-9414

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

This case appears to concern allegations of "police brutality" and "excessive force." Compl. at 3. Plaintiff alleges that, supposedly because of "excessive force" used against him by Defendants, he was taken to St. Joseph's Hospital in Paterson, where he "received several stiches on [his] lower right and left back [and] also on [his] right leg." *Id*. He also claims that his "thumb was torn open." *Id*. Additionally, Plaintiff alleges that his "[l]eg got badly infected in the county jail where [he] was given more injections and medication for the infection." *Id*.

Plaintiff's Complaint fails to plead any specific law or statute under which he brings his claims. Viewing the Complaint liberally, the Court construes the Complaint as alleging an

2

excessive force claim under the Fourth Amendment.[1] To plead an excessive force claim pursuant to Section 1983, a plaintiff must "must portray specific conduct by state officials which violates some constitutional right of the complainant in order to state a claim for relief." *Green v. Torres*, No. 05-682, 2006 WL 3231434, at *2 (D.N.J. Nov. 7, 2006) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970)); *see also Slippi-Mensah v. Mills*, No. 15-07750, 2016 WL 4820617, at *4 (D.N.J. Sept. 14, 2016) (stating that "[it is a plaintiff's] obligation under Rule 8 and *Twombly/Iqbal* to articulate the specific acts of constitutional deprivation for each defendant.").

Here, Plaintiff does not allege how he was injured, or any allegations regarding the role each Defendant played in his injuries. Since Plaintiff fails to allege any specific action undertaken by any particular Defendant, his claim is not plausibly pled. Therefore, Plaintiff's Complaint is dismissed.[2]

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams*

---

[1] Claims of Constitutional violations must be brought pursuant to 42 U.S.C. § 1983. *See Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013).

[2] There are numerous other requirements that Plaintiff must meet to state a claim for relief pursuant to 42 U.S.C. § 1983. For instance, Plaintiff must demonstrate that Defendants were "[] person[s] acting under color of state law," and "that the[ir] conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Mitchell v. Harvey*, No. 05-4186, 2006 WL 231569, at *2 (D.N.J. Jan. 25, 2006). Therefore, if Plaintiff chooses to re-plead his Complaint, he must plead each and every requirement for a Section 1983 action. Again, this assumes that Plaintiff is in fact making a claim pursuant to Section 1983. If Plaintiff is actually proceeding under a different legal theory, then he must plausibly plead that claim as well.

*v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[3] that cures the deficiencies set forth herein, and meets all other requirements for Section 1983 claims. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendants concerning the allegations in the complaint. An appropriate form of Order accompanies this Opinion.

Dated: April 21, 2017

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[3] If Plaintiff does file an amended complaint which the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

4